**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KERRY BYRON HOLLEY,

        Petitioner,

-vs-

JEFF WHITE,

        Respondent.
_____/

CASE NO. 07-CV-11503

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER
(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS;
(2) DENYING PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS;
(3) DENYING A CERTIFICATE OF APPEALABILITY; AND
(4) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Kerry Byron Holley ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his April 2004 state parole revocation. Petitioner has also filed a motion for judgment on the pleadings. Having considered the entire record, and for the reasons that follow, the Court DENIES the petition for writ of habeas corpus, DENIES Petitioner's motion for judgment on the pleadings, DENIES a certificate of appealability, and DENIES leave to proceed *in forma pauperis* on appeal.

**I. BACKGROUND**

Petitioner was convicted of bank robbery in the Oakland County Circuit Court and sentenced as a second habitual offender to 1.5 years to 20 years imprisonment in 2001. He was initially paroled in June 2003. Petitioner was charged with parole violations in August 2003, participated in technical rule violation programming, and was re-paroled. In January 2004, Petitioner was charged with violating the conditions of his parole by making threats against his

1

employer and a customer. A parole violation warrant was issued, and Petitioner was taken into custody. Petitioner was appointed counsel, arraigned on two parole violation charges of engaging in assaultive, abusive, threatening, or intimidating behavior, and pleaded not guilty. A formal parole revocation hearing was conducted on March 4, 2004. At that hearing, Petitioner's employer, Christopher Jollie, and Petitioner's parole agent, Michael Perilloux, testified. The hearing examiner summarized the evidence as follows:

> Christopher Jollie testified that he is the manager of Labor Ready in Pontiac, MI. Jollie indicated that he has known Holley since 5/99, when he started working there. Jollie testified that on the day of this incident, he received a phone call from one of his customers with some complaints against Holley. Witness indicated that the customer said she didn't want parolee to return to work. Jollie testified that he phoned Holley and told him he was going to be suspended while Jollie checked out the complaint. Witness stated that parolee said "the bitch is lying" and told Jollie he was going to kick his ass and kill him. Jollie also stated that parolee was very angry and said watch your back. Witness indicated that he did take the words as a threat and did make a written report of the incident but did not make a police report. Jollie indicated that he then fired parolee and sent a copy of the incident report to the Parole Agent.
>
> PA Perilloux testified that he got parolee's case on 6-5-03 and when he served him the charges, parolee indicated that he "got into it" with his boss but denied making any threats. According to Perilloux, parolee did admit saying "kiss my ass."

Summary of Evidence, 3/19/04 Hrg. Report.

Petitioner denied the charges at the hearing. Through counsel, he had an opportunity to question witnesses and present evidence and arguments in his defense. Following the hearing, the hearing examiner issued a report crediting Jollie's version of events and finding Petitioner guilty of the parole violation charge involving the threats to Jollie. The hearing examiner dismissed the charge involving the alleged threats to the customer.

On April 1, 2004, the Michigan Parole Board issued a decision revoking Petitioner's parole and continuing his incarceration for 12 months before further parole consideration.

Petitioner sought rehearing of the decision, but his request was denied.

Petitioner filed a complaint for superintending control with the Michigan Court of Appeals alleging that there was insufficient evidence to support a finding of guilt on the parole violation charge and that the decision was based upon inadmissible hearsay. The Michigan Court of Appeals dismissed the complaint for failure to pay filing fees. *See Holley v. Parole Bd.*, No. 266983 (Mich. Ct. App. Dec. 19, 2005). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See Holley v. Parole Bd.*, 477 Mich. 927 (2006).

Petitioner thereafter filed his federal habeas petition, raising the following claim as a basis for relief:

> The two forms of hearsay evidence which was relied upon to find Mr. Holley guilty at the formal parole revocation hearing was not sufficient enough alone, absent any reliable indications of its trustworthiness, to find Mr. Holley guilty without violating his Fourth, Fifth, Sixth, and Fourteenth Amendment rights of the United States Constitutional rights.

Respondent filed an answer to the petition, asserting that it should be denied based upon procedural default and/or for lack of merit. Petitioner filed both a Reply and a motion for judgment on the pleadings.

## II. ANALYSIS

### A. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the

Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original). While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B. Habeas Petition

Petitioner asserts that he is entitled to habeas relief because the decision to revoke his parole was not based upon sufficiently reliable evidence. Although the United States Supreme Court has not specifically held that the Due Process Clause requires sufficiency of the evidence for a parole violation, it has suggested that this is so. *See Black v. Romano*, 471 U.S. 606, 615-16 (1985); *see also Douglas v. Buder*, 412 U.S. 430 (1973) (per curiam). Proof beyond a reasonable doubt is not required for a parole revocation. *See Samson v. California*, 126 S. Ct. 2193, 2197-98 (2006). In Michigan, the prosecution bears the burden of establishing a parole violation by a preponderance of the evidence. *See People v. Ison*, 132 Mich. App. 61, 66 (1984).

5

In this case, the hearing examiner reviewed the testimony presented at the parole revocation hearing and found Petitioner guilty of the parole violation charge based upon the testimony of the victim, Jollie. As a result, the Michigan Parole Board revoked Petitioner's parole.

That decision was neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts presented at the revocation hearing. The testimony of Jollie, if believed, provided sufficient evidence to sustain the conclusion that Petitioner engaged in threatening behavior and violated the terms of his parole. *See United States v. Howard,* 218 F.3d 556, 565 (6th Cir. 2000) (testimony of victim alone provided sufficient evidence for conviction). Petitioner's insufficient evidence claim challenges the credibility and weight to be accorded the evidence. However, it is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the fact-finder, not a federal habeas court, to resolve evidentiary conflicts. *See Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). Jollie's testimony provided sufficiently reliable proof, by a preponderance of the evidence, that Petitioner committed the charged parole violation. Habeas relief is not warranted on this claim.

Petitioner asserts that Jollie's testimony and his incident report were unreliable hearsay which could not provide sufficient evidence to support the finding of guilt. It is well-established, however, that a parole board or a court may consider evidence at a parole revocation hearing that would be inadmissible in a criminal prosecution. *See Morrissey v.*

*Brewer*, 408 U.S. 471, 489 (1972) (stating that the parole revocation process "should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial"); *United States v. Kirby*, 418 F.3d 621, 627 (6th Cir. 2005). Furthermore, an alleged error in the application of state evidentiary law is generally not a cognizable basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Petitioner has not shown that the admission of Jollie's testimony or the incident report violated his constitutional rights. Contrary to Petitioner's assertion, Jollie's testimony recounting Petitioner's threatening remarks was not hearsay. Petitioner's remarks to Jollie were party admissions and not hearsay as a matter of state law. *See* Mich. R. Evid. 801(d)(2); *see People v. Lundy*, 467 Mich. 254, 257 (2002).

Furthermore, it is well-established that revocation hearings are more flexible than criminal trials and that a hearing examiner may consider hearsay if it is reliable. *See, e.g., United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991). Petitioner has not shown that the disputed evidence was unreliable or that the hearing examiner improperly relied upon such evidence in finding him guilty of the parole violation. Conclusory allegations are insufficient to warrant habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998). Petitioner has failed to establish that the admission of Jollie's testimony or the incident report rendered his parole revocation hearing fundamentally unfair. Habeas relief is therefore not warranted in this

case.

### C. Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claim. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

### III. CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** the petition for writ of habeas corpus;

(2) **DENIES** Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 11);

(3) **DENIES** a certificate of appealability; and

(4) **DENIES** leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 10, 2007.


s/Denise Goodine
Case Manager